Harold R. Soden, J.
On July 28, 1966 by a decision of this court, plaintiffs were granted summary judgment declaring that the apportionment or voting power of the Clinton County Board of Supervisors violated the pertinent provisions of the Constitutions of the United States and the State of New York and further declaring that section 150 of the County Law and subdivision 1 of section 20 of the Town Law and subdivision 1 of section 9 of the Charter of the City of Plattsburgh (L. 1902, ch. 269, as amd.), as they related to the apportionment and voting power of the Clinton County Board of Supervisors, likewise violated both the Federal and State Constitutions; directing further that the current elective terms of the Supervisors continue until their termination and directed the Board of Supervisors to adopt a constitutional plan of apportionment for Clinton County and report same to the court on or prior to August 11, 1966. The court retained jurisdiction in all proceedings.
Prior to the argument of the initial motion, the Clinton County Board of Supervisors had established a Committee on Reapportionment. The committee was comprised of some Supervisors and other public-spirited citizens of Clinton County. The com *348 mittee had met but no recommendations had resulted. The court intentionally withheld any initial decision in order to give this committee the full opportunity to report its recommendations to the Clinton County Board of Supervisors. The committee held regular meetings and finally presented 12 separate and distinct plans for redistricting the County of Clinton, each of which has some merit. In the latter part of July, 1966, the committee and the Board of Supervisors met. The committee reported its work was completed. The citizens of Clinton County and the court are indebted to the committee for its work product. At this time the majority of the board could not agree on any one single plan.
This court, therefore, ordered the Clinton County Board of Supervisors, on July 28, 1966, to select the plan that the board considered would meet the constitutional requirements and report same to this court on or prior to August 11, 1966.
The Clinton County Board of Supervisors is presently comprised of an equal number of Republican and Democratic Supervisors. Bight Supervisors cast their votes for ‘ ‘ weighted voting the other eight were opposed. No plan has been adopted by the board. By resolution, dated August 11, 1966, the Clinton County Board of Supervisors resolved that they were unable to agree on any of the proposed plans as submitted by the Clinton County Apportionment Committee or any other plan and were unable to adopt any constitutional plan for reapportionment' of Clinton County in the foreseeable future. A copy of the certified resolution is attached hereto *. The failure of the legislative branch of government of Clinton County to adopt a constitutional plan in redistricting the county therefore makes it the duty of the judiciary to act in this regard. (Matter of Orans, 17 N Y 2d 107.)
More than 47% of all Clinton County residents reside in the Town and City of Plattsburgh, New York, as reported in the 1960 census. Because of this fact, it was indicated by the court in its initial decision of July 28, 1966 that ‘ ‘ weighted voting ’ ’ would not be permitted in Clinton County, as such method, in the opinion of the court, would be unconstitutional and in violation of the ruling cases in this regard. Realizing this, the court refused to permit weighted voting as an interim measure. (Baker v. Carr, 369 U. S. 186; Reynolds v. Sims, 377 U. S. 533, 586; Gomillion v. Lightfoot, 364 U. S. 339; Seaman v. Fedourich, 16 N Y 2d 94.)
The courts have recognized the inequity of the voting power that has existed between urban and rural areas, both nationally *349 and State-wide, and they have held that such imbalance violated the Federal and State Constitutions. To implement these decisions, the basic governing power has to be redefined by drawing new lines (redistricting) in order to equate or balance the voting power of the urban areas vis-a-vis the rural areas. The entire State of New York was so redistricted by the Court of Appeals when the New York State Legislature failed to act in this respect. (Matter of Orans, 17 N Y 2d 107, supra.) It has been held that this law applies to all units of government below the State level. (Seaman v. Fedourich, 16 N Y 2d 94, supra.)
Intentionally or otherwise, Federal and State decisions to date have been referred to as the “ one-man, one-vote ” law. It is the opinion of this court that such oversimplification describing the law is not only misleading but results in misunderstanding. The location and density of occupation by residents in each county varies. Therefore, the problem of implementing the new law differs in each county. The Federal and State cases on the subject do not authorize or transfer the sole and exclusive voting power of any governmental unit into the hands of the densely populated urban areas. Bather, the courts have ordered that new geographical areas be delineated so that the more densely populated areas as compared to the less densely populated areas may have an equality of voting power. It is the imbalance in voting power between the two areas that must be corrected. A fractional vote (weighted voting) could conceivably defranchise rural areas of any decisive vote. This is true in Clinton County, A vote without ability to effect a final result is an exercise in futility. Though our government recognizes majority rule, it, nevertheless, protects the rights of the minority. This is what this court believes the one-man, one-vote principle upholds. This decision seeks to continue such principle. It would seem, therefore, to this court that a balance of voting power sufficient to be decisive — equating the voting power between urban and rural areas by creating somewhat equal areas in which approximately the same number of people reside — is the intendment of the law to meet constitutional requirements.
The court, therefore, concludes that weighted voting, if permitted in Clinton County, in accordance with the 1960 census, would effectually place the sole and decisive county voting power in the hands of the residents of the Town and City of Plattsburgh in combination with any other one town. Thus, effective voting power of the remaining residents of Clinton County would be nullified.
It, therefore, seems to this court that- geographical areas within the County of Clinton should be delineated in a manner to *350 effectuate as equally as possible the voting power of both the urban and rural areas. In addition, such a plan should take into consideration the preservation of present town lines so that less confusion would ensue, and the integrity of the towns would be preserved. Many of the plans submitted by the Reapportionment Committee have merit but do break up the towns into segments, the appearance of which takes on the semblance of a jigsaw puzzle. Though there is a differential of approximately 11% from the norm of 9,090 residents, it is the opinion of this court that the most feasible plan presented by the committee for consideration in redistricting Clinton County is so-called Plan No. 10, which is incorporated and made a part of this decision *. In this plan, towns which have much in common are grouped together and only one town is divided. It provides for eight county legislators, two of which would represent the City of Plattsburgh.
It is, therefore, the decision of this court that Clinton County be divided into eight separate areas as delineated in Plan No. 10 and the both maps attached hereto which are made a part of this decision*, the originals of which will be kept on file at the office of the Clerk of the Board of Supervisors; that the Clinton County Board of Elections take the necessary steps for the election of one county legislator to represent each of the eight newly created districts of Clinton County pursuant to Plan No. 10 at the Fall election of 1967 unless otherwise ordered by the court and, further, that this court will keep jurisdiction of this matter until its final determination and until a constitutional plan of representation for Clinton County is finally in existence and operating.

 Not published with opinion.

 Not published with opinion.